1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7    JAMES E. SPIVA,                                    Case No. 3:12-cv-00252-MMD-WGC

8                                   Petitioner,                          ORDER

9         v.

10   JACK PALMER, et al.,

11                                 Respondents.

12

13          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

14   petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents'

15   motion to dismiss (dkt. no. 8).  Petitioner has opposed the motion (dkt. no. 17), and

16   respondents have replied (dkt. no. 18).

17   **I.        PROCEDURAL HISTORY AND BACKGROUND**

18          On February 1, 2007, petitioner entered a no contest plea to three counts of

19   attempted lewdness with a minor under the age of fourteen (exhibits to motion to

20   dismiss, dkt. no. 8, exh. 48).[1]  On July 13, 2007, the state district court sentenced

21   petitioner to a term of forty-eight to one hundred twenty months on each of the three

22   counts, all three to run consecutively and imposed a term of lifetime supervision (exh.

23   52 at 34-35, exh. 53).

24          Petitioner filed a notice of appeal on August 9, 2007 (exh. 54).  His fast-track

25   statement on appeal presented a single issue for the Nevada Supreme Court's review;

26   he argued that the court abused its sentencing discretion in this case (exh. 61 at 5).

27
28
          _____
          [1]All exhibits referenced in this order are exhibits to respondents' motion to
      dismiss (dkt. no. 8) and may be found at dkt. nos.  9-14.

The Nevada Supreme Court affirmed the state district court on March 27, 2008, and remittitur issued April 22, 2008 (exhs. 65, 66).

On July 30, 2008, petitioner filed a proper person petition for writ of habeas corpus in state district court (exh. 67). The state district court issued an order appointing counsel on February 18, 2010 (exh. 86), and counsel filed a supplemental petition on May 18, 2010 (exh. 90).[2] The state district court conducted an evidentiary hearing on one issue: whether petitioner's counsel was ineffective for failing to investigate the defenses to charges (exh. 101).  After an evidentiary hearing, the state district court denied the petition and entered its findings of fact, conclusions of law and judgment on August 24, 2011 (exhs. 101, 102).

Petitioner filed a notice of appeal on September 2, 2011, and a fast-track statement of appeal (exh. 112).  The Nevada Supreme Court affirmed the state district court's denial of the petition on April 12, 2012 (exh. 119).  Remittitur issued on May 9, 2012 (exh. 120).

Petitioner handed his federal petition to a correctional officer for mailing on May 3, 2012 (dkt. no. 6).  This Court denied petitioner's motion for appointment of counsel on September 6, 2012 (dkt. no. 5).  Respondents argue in their motion to dismiss that the petition should be dismissed because the four grounds are either unexhausted, procedurally defaulted or barred by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

## II.    LEGAL STANDARDS

### A.    Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state

---

[2]In the interim before petitioner was appointed counsel, the state district court granted respondents' motion to dismiss the state petition after petitioner failed to respond to the motion to dismiss (exhs. 72, 74).  Petitioner appealed, and the Nevada Supreme Court issued an order reversing the dismissal of the petition on February 3, 2010, and remanded for further proceedings (exh. 85).

courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts

or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### B.    Procedural Bar

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause

requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### C.    Guilty Plea and Federally Cognizable Habeas Claims

The United States Supreme Court has held that "when a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997) (overruled on other grounds in *U.S. v. Castillo*, 496 F.3d 947 (9th Cir. 2007)). A prisoner's guilty plea breaks the chain of events that precedes the plea in the criminal process, and, as such, precludes the prisoner from raising independent claims relating to the deprivation of constitutional rights that allegedly occurred prior to the entry of plea. *Burrows v. Engle*, 545 F.2d 552, 553 (6th Cir. 1976).

"[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then conviction and plea, as a general rule, foreclose collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989).

When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty.  *Fairbank v. Ayers*, 650 F.3d 1243, 1254-1255 (9th Cir. 2011) (*citing Tollett*, 411 U.S. at 266-267 and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

### D.    Conclusory Claims

In federal habeas petitions, notice pleading is not sufficient.  Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    PETITION IN THE INSTANT CASE

### A.    Ground 1

In ground 1 of the federal petition, petitioner alleges a violation of his Fifth, Sixth and Fourteenth Amendment rights to a speedy trial (dkt. no. 6 at 3).  Respondents argue that ground 1 is procedurally barred (dkt. no. 8 at 7).

"A nolo contendere plea is equivalent to a guilty plea in that it 'authorizes the court to treat the defendant' as if the defendant had pleaded guilty.'"  *State v. Lewis*, 178 P.3d 146, 147 n.1 (Nev. 2008).  Under Nevada law, the only claims that may be brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was entered without effective assistance of counsel.  Any other claims are subject to dismissal.  Nev. Rev. Stat. § 34.810(1)(a); *Kirksey v. State*, 923 P.2d 1102 (Nev. 1996).  The Nevada Supreme Court explicitly relied on this procedural bar

1    when it declined to review this claim in the state habeas petition (exh. 119 at 2-3).  The

2    Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of

3    the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent

4    and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003);

5    *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

6            Therefore, this Court finds that the Nevada Supreme Court's holding that ground

7    1 was procedurally barred under NRS 34.810(1)(a) was an independent and adequate

8    ground for the Court's dismissal of this ground in the state-court petition.  In his

9    opposition to respondents' motion to dismiss, petitioner does not address whether this

10   ground is procedurally barred nor does he attempt to  demonstrate cause for the default

11   and actual prejudice or demonstrate that failure to consider the claim will result in a

12   fundamental miscarriage of justice (dkt. no. 17 at 4).  Accordingly, the Court grants

13   respondents' motion to dismiss ground 1 as procedurally barred.[3]

14       **B.    Ground 2**

15           In ground 2, petitioner argues a violation of his Fourteenth Amendment due

16   process rights because there was insufficient evidence to support his conviction (dkt.

17   no. 6 at 5).  Respondents contend that ground 2 is unexhausted (dkt. no. 8 at 7).  The

18   Court agrees that petitioner never presented the Nevada Supreme Court with a claim

19   challenging the sufficiency of the evidence (*see* exhs. 61, 84, 112).  Accordingly, ground

20   2 is unexhausted.

21       **C.    Ground 3**

22           In ground 3, petitioner alleges that his counsel rendered ineffective assistance in

23   violation of his Sixth Amendment rights because he told counsel he wanted to withdraw

24   his plea and counsel said no, counsel said nothing of lifetime supervision but stated that

25   ///

26   _____

27           [3]As petitioner entered a no contest plea to the charges, ground 1 would also be
     barred by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), which precludes a petitioner
     from raising independent claims relating to the deprivation of constitutional rights that

28   allegedly occurred prior to the entry of plea.

1  petitioner would likely get probation, and petitioner asked counsel to "check several

2  things out" but counsel never did (dkt. no. 6 at 7).

3       Petitioner never presented the Nevada Supreme Court with any of these claims

4  (*see* exhs. 84, 112).[4]   Moreover, the unelaborated claim that he asked counsel to

5  "check several things out" is conclusory.   Therefore, ground 3 is unexhausted.   The

6  portion of ground 3 that alleges that petitioner asked counsel to "check several things

7  out" but counsel never did is dismissed as conclusory.

8       **D.    Ground 4**

9       Petitioner alleges that he was sentenced in violation of his Fifth Amendment

10  rights under the Double Jeopardy Clause (dkt. no. 6 at 9).   Respondents are correct that

11  while petitioner presented a claim that counsel was ineffective for failing to appeal the

12  imposition of lifetime supervision as a violation of the Double Jeopardy Clause, he never

13  presented the Nevada Supreme Court with a substantive double jeopardy claim.   A

14  substantive claim subsumed within a claim of ineffective assistance of counsel is not

15  exhausted and is not preserved for federal habeas review.   *Rose v. Palmateer*, 395

16  F.3d 1108, 1111-1112 (9th Cir. 2005). Thus, ground 4 is unexhausted.

17  **IV.   PETITION WITH NO EXHAUSTED GROUNDS MUST BE DISMISSED**

18       In sum, ground 1 is dismissed as procedurally barred and grounds 2, 3, and 4

19  are unexhausted.   The portion of ground 3 that alleges that petitioner asked his counsel

20  to check several things out and counsel did not is dismissed as conclusory.

21       While this Court has discretion to hold a "mixed" petition – a petition containing

22  both exhausted and unexhausted claims – in abeyance, *Rhines v. Weber*, 544 U.S. 269

23  (2005), it must dismiss a petition that contains only unexhausted claims.   *Raspberry v.*

24  *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).   Therefore, this petition must be dismissed

25

26       [4]The Court notes that petitioner did present a claim that counsel was ineffective
for failing to ensure that petitioner signed the statutorily-required form stating that the
27  registration requirements for lifetime supervision had been explained to him to the
Nevada Supreme Court (exh. 112 at 13).   However, petitioner did not allege that his
28  counsel had never discussed lifetime supervision with him at all.

without prejudice to petitioner filing a new petition after exhaustion of available state remedies.   However, petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d).

**V.    CERTIFICATE OF APPEALABILITY**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).   Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).   In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**VI.    CONCLUSION**

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (dkt. no. 8) is GRANTED as follows:

1.    ground 1 is dismissed with prejudice as procedurally barred;

2.    the claim in ground 3 that petitioner asked counsel to check several things out and counsel failed to do so is dismissed with prejudice as conclusory;

3.    the remainder of ground 3 as well as grounds 2 and 4 are unexhausted and are dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability.

1    IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and

2    close this case.

3    DATED THIS 1st day of July 2013.

4

5

6    _____

     MIRANDA M. DU

7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28